FILED

2017 Nov-22  PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDON JOINER, an individual, and DANIEL HUFHAM, an individual,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO: _____** |
| **FCCI INSURANCE COMPANY, a Foreign Corporation,** | ) ) ) | |
| **Defendants.** | ) | |

_____

## COMPLAINT

### Introduction

Plaintiffs, Brandon Joiner and Daniel Hufham, ("plaintiffs" or "Joiner" or "Hufham"), bring this civil action against FCCI Insurance Company, ("defendant" or "FCCI"), for uninsured motorist's benefits arising out of personal injuries sustained by the plaintiffs in a motor vehicle collision.  Plaintiffs were injured when an unidentified, a/k/a, "phantom", vehicle ran them off the road.  At the time of the collision, FCCI provided uninsured motorist's coverage on the vehicle occupied by the plaintiffs.

1

**Parties**

1.      Plaintiff, Brandon Joiner, is, and was at all times material hereto, an adult citizen of the state of Alabama, residing in Shelby County, Alabama.

2.      Plaintiff, Daniel Hufham, is, and was at all times material hereto, an adult citizen of the state of Alabama, residing in Shelby County, Alabama.

3.      Defendant, FCCI Insurance Company, is, and was at all times material hereto, a foreign corporation, incorporated under the laws of the state of Florida, with its principal place of business in the state of Florida.  At all times material hereto, FCCI was registered to do business in the state of Alabama.

**Jurisdiction**

4.      Pursuant 28 U.S.C. §1332(a) complete diversity exists.  The district court has original jurisdiction over this action as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**Venue**

5.      Venue is proper pursuant to 28 U.S.C. §1391(b) .  For purposes of this statute, all defendants reside in the state of Alabama.  Also, the incident giving rise to the instant action occurred in Shelby County, Alabama, within the northern judicial district of Alabama.

## General Averments

6.     On or about March 20, 2017, the plaintiffs were employed by Alabama Garden Company, Inc., located in Shelby County, Alabama.

7.     On the aforesaid date, during the course of their employment, Joiner and Hufham were traveling west along Shelby County Road 24, to a job site . The job site was a residential development and as part of their job with Alabama Garden Company, Inc., Joiner and Hufham were landscaping at the job site.  Joiner was driving a vehicle owned by Alabama Garden Company, Inc., and Hufham was a passenger in the vehicle.

8.     On the aforesaid date, at approximately 5:45 p.m., while traveling along Shelby County Road 24, near Stage Coach Road and State Highway 119, and while rounding a curve in the road, Joiner and Hufham were suddenly confronted with an unidentified vehicle rounding the curve in the opposite direction, heading east.  The unidentified vehicle was in Joiner and Hufham's westbound lane of travel, heading towards them.

9.     In order to avoid a head-on collision, Joiner steered his employer's vehicle off the road, to his right and into the ditch, where it crashed and overturned. The unidentified vehicle did not stop, but continued on down the road heading east. The vehicle and its driver have not been identified.

10.     Both Joiner and Hufham sustained serious injuries in the crash.

11.     On the aforesaid date and time, the vehicle occupied by Joiner and Hufham was insured by the defendant, FCCI Insurance Company.   The FCCI insurance policy provided uninsured motorist's benefits.   Joiner and Hufham are insureds under the operative FCCI insurance policy and are, therefore, entitled to uninsured motorist's benefits.

## COUNT ONE
### (Claim for Uninsured Motorist's Benefits)

12.     Plaintiffs, Joiner and Hufham, adopt, incorporate and reallege as if fully set out herein, averments 1-11, above.

13.     Plaintiffs further allege that on March 20, 2017, they were injured and damaged when the driver of an unidentified, a/k/a, "phantom vehicle"[1] negligently and/or wantonly caused the motor vehicle he or she was operating to cross into the opposing lane of travel occupied by the plaintiffs so as to cause the plaintiffs to suddenly exit the road and crash.

---

[1]

"Alabama's uninsured-motorist statute provides protection for 'persons … who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.' § 32-7-23, Ala. Code 1975. '[A] policy exclusion that 'is more restrictive than the uninsured motorist statute … is void and unenforceable." *Peachtree Cas. Ins. Co. v. Sharpton*, 768 So. 2d 368, 370 (Ala. 2000) (quoting *Watts v. Preferred Risk Mut. Ins. Co.*, 423 So. 2d 171, 175 (Ala. 1982)). 'Unknown phantom drivers, like the one Walker claims caused her accident, are included within the definition of an uninsured motorist.' *Criterion Ins. Co. v. Anderson*, 347 So. 2d 384 (Ala. 1977)."   *See, Walker v. Guideone Specialty Mut. Ins. Co.,* 834 So.2d 769, 772 (Ala. 2002).

4

14.     Plaintiffs further allege that on March 20, 2017, they were insured under a policy of automobile insurance issued by defendant FCCI, whereby said defendant agreed to provide uninsured motorist's benefits to the plaintiffs.

15.     Plaintiffs further allege that the FCCI insurance policy was in full force and effect at the time of the collision which resulted in permanent injuries and damages to the plaintiffs.

16.     Plaintiffs further allege that on March 20, 2017, the unidentified motorist which ran them off the road was an uninsured motorist within the meaning of Alabama law and/or an uninsured motorist within the terms and conditions of the policy of insurance provided by the defendant.

17.     Plaintiffs further allege that the defendant has failed and refused to pay the uninsured motorist's benefits due under the policy and has breached the contract of insurance covering the plaintiffs.

18.     The aforementioned incident proximately caused the following damages to the plaintiffs.

a)     the plaintiffs suffered permanent injuries in and about their bodies;

b)     the plaintiffs incurred, and will incur in the future, sums of money in the nature of doctor, hospital, drug and other expenses for treatment of their injuries;

c)     the plaintiffs suffered, and will suffer in the future, physical pain and mental anguish as a result of their injuries;

5

d)      the plaintiffs have sustained a loss of earnings and loss of earning capacity.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs demand judgment against defendant, FCCI  Insurance Company, for both compensatory and punitive damages to be determined by the finder of fact.  Plaintiffs' demands seeking uninsured motorist's benefits are in excess of the jurisdictional threshold of this court, exclusive of interest and costs.

Dated this   22   day November, 2017.

*s/ Rex W. Slate*
Rex W. Slate (asb6934a63r)
Guin, Stokes & Evans, LLC
300 N. Richard Arrington, Jr., Blvd
Title Building, Ste. 600
Birmingham, Alabama 35203
Tel: (205) 226-2282
Fax: (205) 226-2357
Direct Dial: (205) 503-4511
rexs@gseattorneys.com

PLAINTIFFS HEREBY DEMAND NOT A **STRUCK JURY** FOR THE TRIAL OF THIS CAUSE.

*s/ Rex W. Slate*
Of Counsel

**PLAINTIFFS' ADDRESS:**
**BRANDON JOINER**
**DANIEL HUFHAM**
**C/O GUIN, STOKES & EVANS, LLC**
**300 N. RICHARD ARRINGTON, JR. BLVD**
**TITLE BUILDING, STE. 600**
**BIRMINGHAM, ALABAMA 35203**


**PLEASE SERVE DEFENDANT, FCCI INSURANCE COMPANY, BY
CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AT THE
FOLLOWING ADDRESS:**

**FCCI INSURANCE COMPANY**
**C/O**
**REGISTERED AGENT SOLUTIONS, INC.**
**2 NORTH JACKSON STREET**
**SUITE 605**
**MONTGOMERY, ALABAMA 36104**